SARAH FRAZIER, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, December 5, 1911.

1. **LIFE INSURANCE: Action on Policy: Defenses: Burden of Proof.** In an action on a life insurance policy, the burden of proof devolves upon defendant to establish a defense that it assumed no obligation under the provisions of the policy for the reason insured was not in sound health on the date the policy was issued.

2. ———: ———: ———: **Representations: Statute.** A provision of a life insurance policy, that insurer assumes no obligation unless insured was in sound health on the date the policy was issued, is only a representation, under section 6937, Revised Statutes 1909, the falsity of which renders the policy void only in the event it actually contributed to the death of insured; and whether it so contributed is a question for the jury.

3. ———: ———: **Evidence: Proofs of Death: Explanation.** Proofs of death furnished by the beneficiary of a life insurance policy in accordance with the terms of the policy are admissible in evidence against the beneficiary in an action on the policy, as admissions; but where the elements of estoppel do not exist, they are not conclusive, but may be explained or rebutted.

4. ————: ————: Evidence: Proofs of Death: Rebutting Admissions: Sufficiency of Evidence. In an action on a life insurance policy, where admissions in the proofs of death were relied upon to defeat a recovery, evidence that the proofs were signed by the beneficiary (the mother of insured) in the hour of her bereavement and amidst the distractions incident thereto, that they were not read nor were their contents explained to her, that she was without her glasses and hence could not read them, and that she merely signed where she was told to sign, was sufficient to justify the jury in giving no effect to the so-called admissions.

5. ————: Witnesses: Privileged Communications: Waiver. One whose life is insured may, by a provision in the policy, waive the incompetency of a physician to testify under section 6362, Revised Statutes 1909, and may bind the beneficiary by such waiver.

6. WAIVER: Intent. Waiver depends solely on the intention of the party against whom it is invoked.

7. LIFE INSURANCE: Witnesses: Privileged Communications: Waiver: Facts Stated. A life insurance policy contained a provision that "proofs of death under the policy shall be made upon blanks to be furnished by the company, and shall contain answers to each question propounded to the claimant, physicians and other persons. . . . All the contents of such proofs of death shall ·be evidence of the facts therein stated in behalf of, but not against, the company." Held, that the provision discloses no intent to waive the privilege accorded by section 6362, Revised Statutes 1909, in respect to physicians being incompetent to testify to certain facts, for insured might well have believed that the proofs of death would relate to nothing else than the fact of death.

8. ————: ————: ————: ————. Where the proofs of death furnished the beneficiary in a life insurance policy by the physician who had attended insured contained disclosures of information which was privileged, under section 6362, Revised Statutes 1909, but the beneficiary had no knowledge of such disclosures, there was no waiver on her part of the privileged character of such information, since waiver presupposes both knowledge and acquiescence.

9. WAIVER: Essential Elements. Waiver presupposes both knowledge and acquiescence.

10. LIFE INSURANCE: Witnesses: Privileged Communications: Waiver. Where the proofs of death signed by the beneficiary in a life insurance policy and the certificate furnished by the doctor who had attended insured contained information of a privileged character, under section 6362, Revised Statutes

1909, the beneficiary, who did not know of the statements in the proofs and certificate, did not waive the privilege by moving the court to grant an order on defendant to produce the proofs and certificate for plaintiff to inspect and introduce in evidence, if found proper.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Fry & Rodgers* for appellant.

(1) The policy provided: ''Proofs of death under this policy shall be made upon blanks to be furnished by the company and shall contain answers to each question propounded to the claimant, physician and other persons. All the contents of such proofs of death shall be evidence of the facts therein stated in behalf of, but not against the company.'' Said proofs were furnished by plaintiff and waived her right to exclude on the trial the testimony of Drs. Strode and Griffin. Western Trav. Ass'n v. Munson, 103 N. W. 688; Modern Woodmen v. Angle, 127 Mo. App. 1. c. 107; Keller v. Home Ins. Co., 95 Mo. App. 637; Elliott v. Kansas City, 198 Mo. 601; O'Brien v. Implement Co., 141 Mo. App. 331; Foley v. Royal Arcanum, 45 N. E. 456; In re Coleman's Will, 19 N. E. 71. (2) It was error to allow plaintiff's counsel to cross-examine witness Hannah as to when and how frequently he had seen deceased after the policy was issued and before her death, and as to the state or condition of her health at said times, and to refuse to let the witness answer on re-direct examination if the deceased, when he saw her, looked like she had consumption. Hancock v. Blackwell, 139 Mo. 1. c. 455. (3) By terms of the contract of insurance upon which this suit is based, it is expressly provided, that if at the time the policy was issued the insured, Pearl Frazier was not in sound health but then had any pulmonary disease,

the policy should be void.   This clause of the policy upon which the defense herein is based  is valid and constitutes a complete defense upon proof of the existence of pulmonary tuberculosis  at the date of the issuance of the policy  and further that such disease caused the death.   Salts v. Ins. Co., 140 Mo. App. 143; Lynch v. Ins. Co., 131 S. W. 145.   (4)  The  trial court erred in refusing to permit Dr. Strode to testify as to his examination of Pearl Frazier and the facts he learned by his treatment of her when they were in the relation of physician and patient.   The statute is  in  derogation of  the  common law and is most strictly construed against the party claiming its protection.   Our courts have repeatedly held that it may be waived, and that it will be considered as waived whenever the interested parties have done anything in the way of disclosing the facts in regard to which a physician could testify.   Green v. Railroad, 211 Mo. 118.

*S. D. Stocks* and *Allen Stallings* for respondent.

(1)   The majority of courts have adopted the rule that the plaintiff in an action on an insurance policy has not the burden of proving compliance with conditions therein, but the insurer wishing to avoid liability has the burden of proving the existence of the condition and its breach.  16 Am. and Eng. Encyc. Law, 955; Mueller v. Ins. Co., 45 Mo. 84; Hester v. Ins. Co., 69 Mo. App. 186.   (2)  Preliminary proofs of loss, death and injury furnished by the insured in compliance with the stipulations in the policy are admissible to show that they were furnished in compliance with the stipulations, but not to prove any of the facts set forth therein, they being mere exparte statements.   16 Am. & Eng. Enc. Law, 968; Ins. Co. v. Sheppard, 85 Ga. 751; Ins. Co. v. Gould, 80 Ill. 388; Lewis v. Ins Co., 80 Ia. 259; Leman v. Ins. Co., 49 Am. St. Rep. 348; Summers v. Ins. Co., 53 Mo. App. 521.

Affidavits concerning other matters obtained by the insurer are not admissible against the insured in connection with the proofs of death.  Plumb v. Ins. Co., 108 Mich. 94.  (3)  At page 16 of appellant's brief, they claim that plaintiff consented and agreed that the proofs of death might be introduced in evidence by the company by reason of the clause in the policy: "All the contents of such proofs of death shall be evidence of the facts therein stated in behalf of, but not against the company," and by that clause also waived the right to object to the physician to testify in the cause.  If the company intended to have said clause constitute a waiver as to the testimony of the physicians, it seems to us that honesty and fair dealing would have prompted them to have used plainer terms so that "all who run might read" instead of the ambiguous statements therein contained.  And having used the statements in the policy which was prepared by their own shrewd attorneys, the same should be construed against the company, and in favor of the insured  Ben. Soc. & L. Ins. (3 Ed.), secs. 192, 468; Miller v. Ins. Co., 31 Ia. 226; Ins. Co. v. Rothschild, 82 Ill 166; Ins. Co. v. Schettler, 38 Ill. 166; Ins. Co. v. Young, 58 Ala. 476; Kausal v. Assn., 31 Minn. 17; Rowley v. Ins. Co., 36 N. Y. 550; Combs v. Ins. Co., 43 Mo. 149; Insurance Co. v. Wilkinson, 13 Wall. 222.

STATEMENT.—This is a suit by the beneficiary, brought after the death of the insured, to recover the amount of an industrial insurance policy.  The plaintiff had judgment, and the defendant has appealed.

The policy provided that the insurer assumed no obligation thereunder unless on the date of the policy, May 31, 1909, the insured was "in sound health."  It also contained provision that "proofs of death under this policy shall be made upon blanks to be furnished by the company and shall contain answers to each question propounded to the claimant, physicians and

other persons," and that "all the contents of such proofs of death shall be evidence of the facts therein stated in behalf of, but not against, the company."

The defendant's answer set up an affirmative defense to the effect that the condition as to the insured being in sound health amounted to a material misrepresentation, it being averred that at, and prior to, the date of the policy the insured was ill and suffering from the disease of tuberculosis which caused her death some four months later; that as such misrepresentation was made in obtaining the policy, it rendered the latter void.

At the trial the plaintiff made proof sufficient to establish prima facie her right to recover.

Thereupon, in support of its affirmative defense, the defendant offered, and over the objection of the plaintiff was permitted to introduce in evidence, the doctors' certificates, contained in the "proofs of death." Each of the doctors' certificates had endorsed thereon a statement over plaintiff's signature that it "shall be considered as part of the proof of death under policy 42011078 in accordance with the conditions of said policy." Doctor Strode's statement, which is the only one we need concern ourselves with, stated, among other things, that the cause of the death of the insured was tuberculosis and that she had had that disease since January 1st, 1909. The defendant also offered Doctor Strode as a witness, and the court sustained an objection as to his competency. His testimony admittedly would have concerned information acquired from the insured by him while attending her in a professional capacity and which was necessary to enable him to prescribe for her as a physician. As bearing upon the conclusiveness of the doctors' certificates against the plaintiff, as well as the correctness of the trial court's ruling in holding Doctor Strode to be incompetent to testify, the following facts may be pertinent: The insured, Pearl

Frazier, died at the home of her mother, this plaintiff, in Mexico, Missouri, about one o'clock in the afternoon of September 11th, 1909. Being in immediate need, the plaintiff, on the suggestion of a neighbor, sent for defendant's local superintendent, Mr. Hannah, with a view to arranging for early collection of the policy. He came about an hour and a half after Pearl's death, bringing with him the blank "proofs of death," and meeting and dealing with the plaintiff alone. He procured plaintiff to sign the "claimant's statement" and then he left her, but returned again in about two hours, bringing the doctors' certificates. Mr. Hannah, defendant's only witness on this subject, does not suggest in his testimony that plaintiff read the doctors' certificates or that he explained their contents to her; he testified merely that he told her she would have to sign the doctors' certificates and showed her where to sign, and that she did sign. The plaintiff's testimony tended to prove that when Mr. Hannah returned with the doctors' certificates, she did not have her glasses at hand and did not and could not read the certificates; neither did he read them to her or tell her what they contained. He merely pointed with his finger and told her where to sign and she did so. That when he left, he took her statement and the doctors' certificates with him. The plaintiff's statement and the doctors' certificates were forwarded by the defendant's local agent, Mr. Hannah, to the defendant at its home office in New York as part of the proofs of death under the policy. Plaintiff's testimony further tended to prove that Mr. Hannah was the agent of the defendant through whom Pearl Frazier procured this policy, and knew Pearl well and saw her often before and after the policy was issued. That thereafter he received payment of the premiums from week to week. That defendant's physician, Dr. Cave, had examined Pearl for this policy.

After filing her petition, and before defendant answered, plaintiff filed her motion for an order on the defendant "to produce to the court and for the inspection of the plaintiff, and for the purpose of being introduced in evidence at the trial of this cause if found proper," among other things, "proof of death of said Pearl Frazier, dated on or about September 11, 1909;" "certificate and report of attending physician during last illness of said Pearl Frazier, dated on or about September 11, 1909, connected to or accompanying proof of death." Plaintiff did not introduce in evidence said "proofs of death" or said "certificate and report," and made objection to the defendant doing so.

CAULFIELD, J. (after stating the facts).—I. Defendant contends that its peremptory instruction, in the nature of a demurrer to the evidence, should have been given at the close of all the evidence. In making this contention the defendant assumes that its affirmative defense was conclusively established as a matter of law and that there was nothing left for the jury to determine. This assumption is not well founded. The burden of proof as to this defense devolved upon the defendant. [Winn v. Modern Woodmen of America, 157 Mo. App. 1, 137 S. W. 292.] The condition of the policy to which this defense related, —that the insured must have been in sound health when the policy was issued —amounts to nothing more, under our statute, than a representation, the falsity of which renders the policy void only if the matter misrepresented actually contributed to the death of the insured, "and whether it so contributed in any case shall be a question for the jury." [Sec. 6937, R. S. 1909; Salts v. Prudential Insurance Co., 140 Mo. App. 142, 120 S. W. 714.]

The sole proof which defendant relies upon as conclusive against the plaintiff, consists of the state-

ments in the doctor's certificate. Being contained in the proofs of death, they were admissible in evidence against the beneficiary as admissions by her of the truth of the statements therein contained. But such admissions are not conclusive against her, since there are no elements of estoppel in the case. [Newcomb v. Jones, Admr., 37 Mo. App. 475; Queatham v. Modern Woodmen, 148 Mo. App. 33; 127 S. W. 651; Insurance Company v. Newton, 89 U. S. 32.] It was competent for her to explain the alleged admissions, and to show that she was under a mistake in making them, or to prove any other circumstances which will do away with their effect. [Duncan v. Matney, 29 Mo. 368; Wild v. B. & L. Assn., 60 Mo. App. 200.] The evidence before us is uncontradicted that the plaintiff made the doctors' certificates part of the proof of death in the hour of her bereavement, amidst the distractions incident thereto. They were not read by or to her, nor were their contents or purport explained. She was without her glasses, hence could not read. She signed where she was told to sign. All this would have justified the jury in giving no effect to the so-called admissions. This contention is ruled against the defendant.

II. Defendant's next contention is, that the trial court erred in refusing to permit the attending physician of the insured, Dr. Strode, to testify. The defendant concedes that he would have been incompetent under the statute (Sec. 6362, R. S. 1909), had his incompetency not been waived, but insists that the provisions of the policy and the submission of proofs of death thereunder constituted such a waiver. There is no doubt that, by a provision in the policy itself, the insured may waive in advance the incompetency of the physician to testify, and bind her beneficiary by such waiver. [Keller v. Home Life Ins. Co., 95 Mo. App. 627, 69 S. W. 612.] But waiver depends solely

on the intention of the party against whom it is invoked. [Stiepel v. Mutual Life Assn., 55 Mo. App. 224.] The language relied upon in the policy to constitute a waiver is as follows: "Proofs of death under this policy shall be made upon blanks to be furnished by the company and shall contain answers to each question propounded to the claimant, physicians and other persons. . . . All the contents of such proofs of death shall be evidence of the facts therein stated in behalf of, but not against, the company." This language fails to express any intention of the insured to waive the privilege in question. It does apparently contemplate that the answers to be propounded to the physicians thereunder might be read in evidence upon a trial; but what such answers shall relate to is not stated. Nothing appears to indicate that they might disclose information acquired by the physician from the insured while attending her in a professional capacity, and necessary to enable him to prescribe for her as a physician; nor that they were to relate to the medical history or cause of death of the insured. The insured might well have believed from the nature of the instrument which was to contain the answers, that they would be confined within the proper scope of mere "proofs of death" and relate to nothing else than the *fact* of death. We are of the opinion that the language of the policy discloses no intent to waive the privilege accorded by the statute or to consent to anything inconsistent with the retention of such privilege.

But the defendant asserts that even if the foregoing be true, the plaintiff did waive the privilege in question because the proofs of death contained disclosures by the doctors of a privileged nature. It is sufficient to say of this that the plaintiff had no knowledge whatever of the contents of the doctors' certificates. The state of the evidence is such that her lack of knowledge may be treated as conceded. And it is

clear that disclosures made without her knowledge cannot be used to fasten a waiver upon her. Waiver presupposes both knowledge and acquiescence. [Haysler v. Owen, 61 Mo. 270.] The same reasoning will dispose of defendant's argument that plaintiff waived her privilege by moving for an order on defendant to produce the proofs of death and doctors' certificates for the plaintiff to inspect and introduce in evidence, "if found proper." There is nothing in the case to indicate that plaintiff or her attorney knew at the time they filed the motion that the papers asked for contained a disclosure of privileged information. They might well have thought they were barren in that respect. It would be harsh indeed to hold that by merely asking leave to inspect a paper, the contents of which are unknown, the plaintiff would thereby become bound as for the disclosure of privileged information which she had no reason to suppose the paper contained. We know of no authority for such a holding and have no desire to create any.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.