LIZZIE WELSH, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY OF NEW YORK, Appellant.

St. Louis Court of Appeals, May 7, 1912.

1. LIFE INSURANCE: Misrepresentations: Statute. Under section 6937, Revised Statutes 1909, providing that no misrepresentations made in obtaining a life insurance policy shall be deemed material unless the matter misrepresented actually contributed to the contingency on which the policy has become due, a stipulation in a policy that the insurer assumes no liability unless insured was in sound health on the date thereof is not a condition precedent necessary to be complied with before the policy becomes operative.

2. ———: ———: Defenses: Necessity of Repaying Premiums: Statute. Under section 6940, Revised Statutes 1909, providing that, in actions on life policies, no defense based on misrepresentations in obtaining the same shall be valid unless insurer deposits in court the premiums received, the insurer may not rely on the defense of a material misrepresentation where it does not deposit in court, for the benefit of plaintiff, the premiums received on the policy.

3. ———: Peremptory Instruction for Plaintiff: When Proper. Where plaintiff, suing on a life insurance policy, established a prima facie right to recover, and the insurer in effect conceded the truth of the prima facie case and presented no available defense, a peremptory instruction for plaintiff for the amount due under the policy, with interest to be ascertained by the jury, was proper.

4. ————: **Penalty for Vexatious Delay.** In an action on a life in-
surance policy, the question of vexatious delay on the part of in-
surer in paying the claim *held*, under the evidence, properly
submitted to the jury, and that, on their finding a vexatious
delay, a recovery for the damages authorized by section 7068,
Revised Statutes 1909 was proper.

Appeal from St. Louis City Circuit Court.—*Hon.*
*George H. Williams,* Judge.

AFFIRMED.

*Nathan Frank* and *Max W. Oliver* for appellant.

(1) It was error for the trial court to give to
the jury a peremptory instruction to find for plaintiff.
No matter how strong the evidence, the court could
not, as a matter of law, rule that plaintiff had made
out a case which entitled her to recover. That issue
should have been submitted to the jury upon a proper
instruction. Gannon v. Gas Co., 145 Mo. 502; Rey-
nolds v. Railroad, 115 Mo. App. 680; O'Malley v. Rail-
road, 113 Mo. 325. (2) The proofs of death are
prima facie evidence of the facts therein stated, and
as in this case they are not contradicted by other evi-
dence, and as there is no evidence of fraud or mistake
or undue influence in their procurement, they must be
taken as true and binding upon plaintiff. Almond v.
Modern Woodmen, 133 Mo. App. 382. (3) A condi-
tion in a policy is binding upon the insured and all
who claim under him, to the same extent as a war-
ranty or misrepresentation. Salts v. Ins. Co., 140 Mo.
App. 142. (4) This was not a proper case for sub-
mission to the jury, on the question of allowance
against defendant of ten per cent damages and a rea-
sonable attorney's fee for vexatious refusal to pay the
policy. (a) There is no positive evidence in the rec-
ord of any demand prior to the institution of the suit.
Furthermore the proofs of death submitted by plain-
tiff showed that the insured had a dangerous disease

at the time the policy was issued and that such disease caused his death. Under the circumstances, it could not be said that such refusal was vexatious. A vexatious refusal must be willful and without reasonable cause, and the question of willfulness will not be determined by the outcome of things at the trial but by the appearance of the case before trial as judged by prudent and reasonable men seeking to ascertain the facts, as duty would require. Blackwell v. Ins. Co., 80 Mo. App. 75. (b) The question in this case was a new one and under the circumstances the defendant had a right to a decision upon it without the risk of being mulcted in damages. Renfro v. Metropolitan, 148 Mo. App. 258.

*James J. O'Donohoe* for respondent.

(1) The trial court properly directed a verdict for the plaintiff, for the reasons: (a) Warranties as distinguished from representations are not recognized in this state. R. S. 1909, sec. 6937; Ashford v. Ins. Co., 98 Mo. App. 505; Jacobs v. Life Assn., 146 Mo. 523; Aloe v. Life Assn., 164 Mo. 675; Sheurmann v. Ins. Co., 165 Mo. 641; Kern v. Legion of Honor, 167 Mo. 471; Jenkins v. Ins. Co., 171 Mo. 383; Williams v. Ins. Co., 189 Mo. 70; Keller v. Ins. Co., 198 Mo. 440. (b) The condition in the policy seeking to relieve the insurer from liability in case the insured was not in good health on and prior to the date of the policy contravenes section 6937, Revised Statutes 1909, and is void. Lynch v. Ins. Co., 150 Mo. 461; Salts v. Ins. Co., 140 Mo. App. 142; Burns v. Ins. Co., 141 Mo. App. 212; Burridge v. Ins. Co., 211 Mo. 158; Williams v. Ins. Co., 73 Mo. App. 612; Insurance Co. v. Coleman, 58 Ga. 251; Insurance Co. v. Leslie, 47 Ohio St. 409; Brick Mfg. Co. v. Ins. Co., 164 Mass. 291; Emery v. Ins. Co., 52 Me. 322; Day v. Ins. Co., 81 Me. 244. (c) There is no proof that the policy would not have

been issued had the defendant known of the alleged bad health of the insured. Christian v. Ins. Co., 143 Mo. 460; Summers v. Ins. Co., 90 Mo. App. 691. (2) The court did not err in submitting the question of damages and attorney's fee to the jury. R. S. 1909, sec. 7068; Kellogg v. Ins. Co., 133 Mo. App. 391; Utz v. Ins. Co., 139 Mo. App. 153; Rogers v. Ins. Co., 139 S. W. 265; Cox v. Ins. Co., 154 Mo. App. 464; Williams v. Ins. Co., 189 Mo. 70; Keller v. Ins. Co., 198 Mo. 440.

CAULFIELD, J.—Suit on an industrial life insurance policy brought by the beneficiary after the death of the insured. Plaintiff had verdict and judgment for $147.18, being the amount payable under the policy, eighty-six dollars, and interest, and fifty dollars as damages and attorney's fee for vexatious delay in paying, and the defendant has appealed, assigning as error the trial court's action in peremptorily instructing the jury at the close of all the evidence that their verdict must be for the plaintiff for the amount payable under the policy, with interest, and in submitting to the jury the question of whether the defendant was guilty of vexatious delay in paying; also the action of the court in excluding certain evidence offered by the defendant.

At the trial the plaintiff made a showing sufficient to establish prima facie her right to recover, and we are satisfied from reading the record that such showing was not controverted, but was expressly or tacitly conceded by defendant to be true. The trial court was right, then, in giving the peremptory instruction for plaintiff, unless there was evidence tending to prove a valid affirmative defense. There was no pleading filed on behalf of the defendant, the case having originated before a justice of the peace, but the policy provided that the insurer assumed no liability unless the insured was "in sound health" on the date there-

of, and we gather from the colloquy between the court and counsel that the sole theory of defense, as defendant's counsel presented it and the court understood it, was that said provision was a condition precedent, necessary to be complied with before the policy became operative, and that our statute (Sec. 6937, R. S. 1909), declaring what misrepresentations made in securing a policy are immaterial, was not applicable. This theory was unsound and the trial court very properly rejected the defense sought to be based upon it. [Salts v. Prudential Ins. Co., 140 Mo. App. 142, 120 S. W. 714; Frazier v. Metropolitan Life Ins. Co., 161 Mo. App. 709, 141 S. W. 936.] But if it be conceded that the defendant sought to base its defense upon the theory that the provision in the policy was a material misrepresentation within the meaning of the statute, still that defense was not valid and the court properly rejected it, because the defendant did not deposit in court, for the benefit of the plaintiff, the premiums received on the policy. [R. S. 1909, Sec. 6940.] It is clear, then, that as plaintiff's prima facie case was in effect conceded to be true and no sound or available defense was presented, the trial court did not err in giving the peremptory instruction to find for plaintiff for the amount payable under the policy, with interest to be ascertained by the jury. And, of course, it did not err in excluding the evidence offered in support of such unsound theory or invalid defense.

We are also satisfied that, under the facts and circumstances of this case, the question of vexatious delay on the part of the defendant in paying this death claim was one of fact to be determined by the jury, and was properly submitted to them. [R. S. 1909, Sec. 7068; Keller v. Home Life Ins. Co., 198 Mo. 440, 95 S. W. 903.]

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.