LOUISE BUCHHOLZ, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals. Submitted on Briefs October 8, 1913. Opinion Filed November 4, 1913.

1. LIFE INSURANCE: Misrepresentations by Insured: Contradiction of Proofs of Death. Although the proofs of death furnished by the beneficiary of a life insurance policy disclose a condition of health of insured at the time of his application for insurance, which, if conclusive on the beneficiary, would prevent a recovery by her, yet if insurer's medical examiner, who examined insured at the time his application was made, reported that he found insured to be in good health, the question of insurer's liability is for the jury.

2. TRIAL PRACTICE: Conflicting Evidence: Question for Jury. Where the evidence given on behalf of the adversary parties is conflicting, it is the province of the jury to determine which version is correct.

3. ———: Uncontradicted Evidence: Question for Jury. Even though the evidence is uncontradicted, the question of the credibility of the witnesses giving it is for the jury.

4. **LIFE INSURANCE: Misrepresentations: Instructions: Appellate Practice.** In an action on a life insurance policy, the trial court, on behalf of defendant, instructed that if insured, in his application for insurance, denied that he had a certain disease, and if, as a matter of fact, he had such disease, and such disease caused, or contributed to cause, his death, the verdict should be for defendant. *Held*, that it was unnecessary for the appellate court to determine whether insured's statements relative to his freedom from disease were warranties, representations or conditions, inasmuch as defendant, by virtue of this instruction, had the full benefit of the statements, whatever they might be denominated.

5. **INSURANCE: Vexatious Refusal to Pay: Verdict: Failure to State Amounts Separately.** Although, in an action on an insurance policy, the verdict should state the amount awarded, under Sec. 7068, R. S. 1909, for vexatious refusal to pay the insurance, separately from the amount awarded under the policy, yet the failure to do so is not reversible error.

6. **VERDICTS: Partiality, Passion or Prejudice of Jury.** A verdict which is the result of partiality, passion or prejudice will not be sustained on appeal.

7. **INSURANCE: Vexatious Refusal to Pay: Damages: Sufficiency of Evidence.** In an action on a life insurance policy for $63, an award of $100 for attorney's fees, for vexatious refusal to pay, under Sec. 7068, R. S. 1909, was not an evidence of partiality or prejudice on the part of the jury, where there was testimony that $100 was a reasonable charge for attorney's fees.

8. ———: ———: ———. Where an insurer vexatiously refuses to pay insurance, an award of not to exceed 10 per cent. damages in favor of the beneficiary, also a reasonable attorney's fee, is authorized by Sec. 7068, R. S. 1909, as amended by Acts 1911, p. 282.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer*, Judge.

AFFIRMED.

*Nathan Frank, Richard A. Jones* and *Louis B. Sher* for appellant.

(1) Proofs of death furnished to the insurance company are *prima facie* evidence of the facts therein stated, and are conclusive, unless the beneficiary shows

that the statements made therein were erroneous, or were given through mistake. Almond v. Modern Woodmen of America, 133 Mo. App. 382; Mutual Benefit Life Ins. Co. v. Newton, 22 Wall 32; Hassencamp v. Life Ins. Co., 120 Fed. 475; Hanna v. Life Insurance Co., 44 N. E. 1099; Walther v. Insurance Co., 65 Cal. 417; Modern Woodmen of America v. Von Wald, 6 Kans. App. 231; Hart v. Trustees, 84 N. W. 851; 3 Elliott on Evidence, Sec. 2387; 2 Wigmore on Evidence, p. 1265. (2) The proofs of death furnished by the plaintiff when her claim was originally made and introduced in evidence at the trial, showed unquestionably and without doubt that for six months prior to the issuance of the policy in suit, the insured was suffering from a serious disease of the heart and kidneys, and that from the 18th day of May, 1908, until the 5th day of May, 1910, when he died, he was undergoing treatment for such diseases by Dr. Tuholske; the Proofs of Death signed by Dr. Tuholske and Dr. Huelsmann, verified by their affidavits and offered in evidence showed that such diseases caused or contributed to cause the insured's death. Such evidence was unimpeached and uncontradicted at the trial of this case, and was corroborated by the testimony of the respondent and consequently the contents of such proofs of death offered and submitted by respondent in support of her claim were and must now be taken as conclusive of the facts therein stated. Almond v. Modern Woodmen of America, *supra;* Benefit Association v. Sargent, 142 U. S. 691; Dennis v. Union Mutual Ins. Co., 84 Cal. 570. (3) A condition in a policy is binding upon the insured and all who claim under him to the same extent as a warranty or misrepresentation. Salts v. Prudential Ins. Co., 140 Mo. App. 142. (4) Instruction No. 1 given to the jury at the instance of plaintiff is erroneous, in that it requires the jury to find their verdict for plaintiff in one entire sum, since it is the duty of the court to enter its judgment for the aggregate sum found in the verdict of the

jury. Sec. 7068, Rev. Stat. 1909; Jones v. Prudential Ins. Co., 155 S. W. 1106. (5) Plaintiff in her petition prays recovery for $63 the face of the policy together with interest, 10 per cent damages, and a reasonable attorney's fee for vexatious refusal to pay; the verdict of the jury being in an aggregate sum is, therefore, not responsive to the pleadings.    Sec. 7068, Rev. Stat. 1909. (6) Assuming that there is contained in the verdict of the jury an allowance of an attorney's fee in the sum of $100, which is wholly   speculative, such allowance in this case is unreasonable, unjust, and highly inequitable, and poisons the verdict with such bias and prejudice as to render the same void; it being the uniform holding in this State, that when the evidence preponderates against the verdict so as to show that the same was the result of either partiality, prejudice, or passion, the appellate court will interfere and vacate the verdict. Jeans v. Morrison, 99 Mo. App. 208; Joy v. Cale, 124 Mo. App. 569; James v. Mutual Life Ass'n, 148 Mo. 1; Coats v. Lynch, 152 Mo. 161. (7) The attorney's fee allowed plaintiff is unreasonable, excessive, and unsupported by the evidence. Rodgers v. Insurance Co., 186 Mo. 248.

*James J. O'Donohoe* for respondent.

(1)   Proof that the policy was issued and death of the insured established plaintiff's *prima facie* right to recover under the policy. Winn v. Modern Woodmen of America, 157 Mo. App. 1; Bacon, Ben. Societies and Life Ins. (3rd Ed.), Sec. 414; Mulroy v. Knights, 28 Mo. App. 463; Stewart v. Legion of Honor, 36 Mo. App. 319; Force v. Knights of Honor, 41 Mo. App. 106; Chadwick v. Triple Alliance, 56 Mo. App. 478; Gruwell v. Knights & Ladies of Security, 126 Mo. App. 496. The proof of death has no greater probative force than the report of the defendant's medical examiner. Coscarella v. Ins. Co., 157 S. W. 873. Moreover, the circumstances under which the proof of death was made justi-

fied the jury in giving no effect to the statements therein contained. Frazier v. Ins. Co., 161 Mo. App. 709. (2) That part of the policy dealing with the health of the insured is invalid because the same seeks to avoid the policy in contravention of the misrepresentation statute of this State. Section 6973, R. S. 1909; Ins. Co. v. Stiewing, 155 S. W. 900; Welsh v. Ins. Co., 165 Mo. App. 233; Lynch v. Ins. Co., 150 Mo. App. 461; Salts v. Ins. Co., 140 Mo. App. 142; Burns v. Ins. Co., 141 Mo. App. 212; Burridge v. Ins. Co., 211 Mo. 158; Williams v. Ins. Co., 73 Mo. App. 612; Kern v. Legion of Honor, 167 Mo. 471; Keller v. Ins. Co., 58 Mo. App. 557; Whitfield v. Ins. Co., 205 U. S. 489; Ins. Co. v. Coleman, 58 Ga. 251; Ins Co. v. Leslie, 47 Ohio St. 409; King Brick Mfg. Co. v. Ins. Co. 164 Mass. 291; Emery v. Ins. Co. 52 Me. 322; Day v. Ins. Co., 81 Me. 244. Warranties have been abolished in this State. Sec. 6937, R. S. 1909; Ashford v. Ins. Co., 98 Mo. App. 505; Jacobs v. Life Assn. 146 Mo. 523; Aloe v. Life Assn., 164 Mo. 675; Sheurmann v. Ins. Co., 165 Mo. 641; Jenkins v. Ins. Co., 171 Mo. 383. (3) The verdict was reasonable and fully supported by the evidence, and hence the judgment should not be reversed on the ground that the jury failed to state separately the damages and attorney's fees. Jones v. Ins. Co., 155 S. W. 1106; Minter v. Bradstreet Co., 174 Mo. 444; Courtney v. Blackwell, 150 Mo. 277; Lead Co. v. Railroad, 123 Mo. App. 408; Happy v. Prichard, 111 Mo. App. 6; Plymouth Cordage Co. v. Yeargain, 87 Mo. App. 561; Lamberson v. Long, 66 Mo. App. 253. Furthermore, an objection to the verdict on the ground that it was in an aggregate sum must be raised in a motion in arrest of judgment and no such motion was filed in this case. And there was no objection to the form of the verdict in the motion for a new trial. Union Trust Co. v. Merritt, 158 Mo. App. 648; Johnson v. Bedford, 90 Mo. App. 43; Klass Commission Co. v. Railroad 80 Mo. App. 164; Lee v. Wilkins, 79 Mo. App. 159; The Aschenbroedel Club v.

Finlay, 53 Mo. App. 256; Ring v. The Chas. Vogel
Paint & Glass Co., 44 Mo. App. 111; Griggs v. Deal, 30
Mo. App. 152; Bigelow v. Railroad, 48 Mo. 510; New-
ton v. Miller *et al.*, 49 Mo. 298; Sweet v. Maupin, 65 Mo.
65; Railroad v. Wyatt, 223 Mo. 347; Murphy v. Rail-
road, 228 Mo. 56. (4) The attorney's fee allowed
plaintiff was both reasonable and supported by the evi-
dence. Section 7068, R. S. 1909; Kellogg v. Ins. Co.,
133 Mo. App. 391; Utz v. Ins. Co., 139 Mo. App. 153;
Cox v. Ins. Co., 154 Mo. App. 464; Williams v. Ins. Co.,
189 Mo. 70; Keller v. Ins. Co., 198 Mo. 440; Welsh v.
Ins. Co., 165 Mo. App. 233; Jones v. Ins. Co., 155 S. W.
1106; Coscarella v. Ins. Co., 157 S. W. 873; Stix v.
Travelers Indemnity Co., 175 S. W. 870.

REYNOLDS, P. J.—This action was begun before
a justice of the peace in the city of St. Louis, on August
9, 1910, upon a policy of insurance issued by the de-
fendant company which is in the usual form of such
policies; they have been before this court in several
cases so that it is unnecessary to set them out. Plain-
tiff, before the justice, filed a statement setting out the
issue of the policy, that it was in her favor, as wife of
Gustav Buchholz, the insured, and that at the time of
his death, which occurred May 5, 1910, the policy was
in full force, all conditions having been duly performed
by the deceased during his lifetime and by the plaintiff
after his death; that plaintiff, after the death of her
husband, furnished proofs to defendant and demanded
payment of the policy, but that defendant vexatiously
refused to pay the policy and denied all liability there-
under. Judgment was prayed for the amount of the pol-
icy, sixty-three dollars, with interest from the filing of
the suit, ten per cent of the policy as damages, and rea-
sonable attorney's fees for the alleged vexatious re-
fusal to pay as also for costs. There were no pleadings
upon the part of defendant. The trial before the jus-
tice resulting in a verdict and judgment for plaintiff,

defendant appealed to the circuit court where on a trial before the court and jury, a verdict was returned in favor of plaintiff in the sum of $172.49. Judgment followed, from which judgment defendant, interposing a motion for new trial, duly perfected its appeal to our court.

It is contended by learned counsel for the appellant that proofs of death furnished to the insurance company are *prima facie* evidence of the facts therein stated and are conclusive unless the beneficiary shows that the statements made therein were erroneous or given mistake. It is further contended that the proofs of death furnished by plaintiff when her claim was originally made and introduced in evidence at the trial, showed unquestionably and without doubt that for six months prior to the issuance of the policy in suit, the insured was suffering from serious diseases of the heart and kidneys, and that from the 18th of May, 1908, until the 5th of May, 1910, when he died, he was undergoing treatment for such diseases by a physician, the statement of that physician to this effect accompanying the proofs of death furnished by plaintiff, as also an affidavit by another physician who had attended him in his last illness, to the effect that the death of deceased was due to myocarditis, which was defined by that physician to mean an inflammatory condition of the heart muscles, as also to nephritis, that being defined to be an inflammatory condition of the kidneys. It is argued that the evidence as to this state of health of the insured was unimpeached and uncontradicted, even corroborated by the testimony of respondent, and that consequently the contents of the proofs of death offered and submitted by respondent in support of her claim were and must now be taken as conclusive of the facts therein stated. The trouble with this argument is that in rebuttal plaintiff below, respondent here, offered in evidence the certificate of the medical examiner of ap-

177 Mo. App. 44

pellant, who had examined the insured at the time of his application for the policy and had stated in that certificate that the character of the heart's action was uniform, free and steady, its sound and rhymth regular and normal, and that there were no indications of disease of that organ; that the personal appearance of the applicant was healthy and that he, the medical examiner, had, on the 18th of October, 1908, "personally seen and examined . . . . . . the life proposed for insurance, and saw made the signature . . . . and am of the opinion that said life is in good health, and that said life's constitution is sound," this examining physician concluding with the recommendation that the life be accepted as first-class.

With this diverse evidence before it, it became a question for the determination of the jury as to which version was correct. They were the sole judges of this. With this certificate of appellant's own medical examiner in, it cannot be said that the proof upon which appellant relies was uncontradicted. Even if that had been the case, its credibility, even if uncontradicted, as has been often determined, was a matter for the sole determination of the jury.

It is further argued that a condition in a policy is binding upon the insured and all who claim under him to the same extent as a warranty or representation. Whether that is true or not, we need not discuss and do not decide, in the light of the instructions given at the instance of defendant. At its instance the court gave these two instructions:

"3. The court instructs the jury that if you find and believe from the evidence that the policy of life insurance which is the basis of this suit was issued upon an application in writing made by Gustav Buchholz, and that in such application the said Gustav Buchholz denied that he had any disease or diseases of the heart or kidneys, and that, as a matter of fact at the time such application was made he was then suffering from

such disease or diseases, and that the same or either of them caused or contributed to cause his death, then plaintiff is not entitled to recover and your verdict will be in favor of defendant."

"4.   The court instructs the jury that if they find and believe from the evidence that at the time the policy in suit was delivered to Gustav Buchholz he was not in good health, but then was suffering from diseases known as myocarditis or nephritis, or either of them, and that such diseases or either of them caused or contributed to cause his death, then plaintiff is not entitled to recover and your verdict will be in favor of defendant."

Without committing ourselves as to whether they were correct or not, it is sufficient to say that as the appellant asked these instructions and as they were given at its instance, it certainly is bound by them.   They submitted to the jury, as a question of fact for their determination, whether, on the evidence in the case, the "conditions" or "warranties," as they are called by appellant, had been broken, and whether the death of the insured fell within them.   Whether, therefore, they were warranties, representations or conditions, the appellant, by the instructions it asked, had the full benefit of them.

The fourth point made in the nature of an assignment of error is that the first instruction given to the jury at the instance of plaintiff, is erroneous in that it requires the jury to find their verdict for plaintiff in one entire sum, it being claimed that it is the duty of the court to enter its judgment for the aggregate sum found in the verdict of the jury but that the verdict itself must specify the items making up the aggregate. In support of this section 7068, Revised Statutes 1909, and Jones v. Prudential Ins. Co., 173 Mo. App. 1, 155 S. W. 1106, are cited.   This section (7068) was construed by our court in Jones v. Insurance Co., supra, and it was there held that the jury should find separately in

a case of this kind in fixing the amount to be recovered, specifying how much of the recovery was in the nature of a penalty or for punitive damages. But our court there held that an error of this kind was not reversible error. On the authority of that decision we rule this point against appellant.

The fifth assignment of error is practically to the same effect and is ruled on in like manner.

The sixth assignment of error is that, assuming that there is contained in the verdict of the jury an allowance for attorney's fee in the sum of $100, the allowance "in this case was unreasonable, unjust and highly inequitable, and poisons the verdict with such bias and prejudice as to render the same void." It is claimed in support of this, that it has been the uniform holding in this State that when the evidence preponderated against the verdict so as to show that the same was the result of either partiality, prejudice or passion, the appellate court will interfere and vacate the verdict. There is no doubt of this. The trouble, however, is in its application to the case at bar. There was only one witness examined as to the value of the professional services in the case. That witness was subjected to a very searching and vigorous cross-examination and testified that even having in view the fact that only sixty-three dollars and interest and costs were involved, he considered that $100 would be a reasonable amount to allow for services before the justice as well as in the circuit court. This witness, an attorney of a number of years' practice, concluded that he would say that $100 would be a reasonable charge. Asked what he had to say in regard to a charge of fifty dollars, he said that "if you take into consideration the amount involved, take that as an additional factor, fifty dollars would be a very reasonable charge." In the light of this testimony the jury were warranted in accepting the higher amount.

There was evidence in the case tending to show that the refusal to pay was vexatious. Hence the plaintiff brought herself within the provisions of the statute, section 7068, Revised Statutes 1909, as amended by Act of March 30, 1911 (Acts 1911, p. 282), allowing not to exceed ten per cent damages on the amount of the policy, also a reasonable attorney's fee, in addition to the amount of the policy and interest, for vexatious refusal to pay.

These are all the points for reversal made by learned counsel for appellant. We find them untenable. The judgment of the circuit court must be and is affirmed. *Nortoni* and *Allen, JJ.,* concur.