MARY DODT, Respondent, v: PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

**St. Louis Court of Appeals.    Argued and Submitted November 5, 1914.    Opinion Filed December 8, 1914.**

1. **LIFE INSURANCE: Payment of Less Than Due: Right to Recover Balance.** A payment by an insurer to a beneficiary of a less amount than was due under a life insurance policy, when the beneficiary had not commenced or threatened litigation and had not even made any demand for payment, and the payment was not made by way of compromise, did not deprive the beneficiary of the right to recover the full amount due under the policy.

2. **————: Effect of Misrepresentations: Statute Construed.** The word "misrepresentation" in Sec. 6937, R. S. 1909, which provides that no misrepresentation made in obtaining a life insurance policy shall be deemed material or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event upon which the policy is to become due, includes warranties.

3. **————: ————.** A life insurance policy which provides that if insured is not in sound health on the date of the policy, insurer's liability is limited to the return of the premiums paid, is governed by Sec. 6937, R. S. 1909, and hence insurer can not defeat a recovery on the ground that insured misrepresented the condition of his health, unless the condition of his health at the time of such alleged misrepresentation contributed to his death.

4. **DAMAGES: Measure of Damages: Instructions.** An instruction which merely charges the jury as to the measure of damages they are to apply in case they find a verdict for plaintiff,

is not defective because it does not cover all the issues, includ
ing the defenses.

5. **LIFE INSURANCE: Vexatious Refusal to Pay: Damages.** In
an action on a life insurance company, evidence *held* to justify
an allowance of damages and attorney's fees, under Sec. 7068,
R. S. 1909, for vexatious refusal to pay.

Appeal from St. Louis City Circuit Court.—*Hon.
George C. Hitchcock,* Judge.

AFFIRMED.

*Fordyce, Holliday & White* for appellant.

(1) The court erred in overruling defendant's
demurrer to the evidence at the close of plaintiff's
testimony, because plaintiff admitted that the defend-
ant carried out its contract with her. Bishop on Con-
tracts, sections, 779, 781-784; 7 Am. & Eng. Ency. of
Law (2 Ed.), p. 125 (e); 9 Cyc. 647 (e); Collins v.
Whigham, 58 Ala. 438; Boniol v. Henaire, 10 Mart.
(O. S.) 357; Twaits v. Penna. R. Co., 75 A. 1010;
Kolachny v. Galbreath, 26 Okl. 772; Frank Oil Co. v.
Belleview Gas & Oil Co., 119 p. 260; Laughlin v. U.
S. Rolling Stock Co., 64 F. 25; Ramsey v. Waltham,
1 Mo. 395. (2) The court erred in overruling de-
fendant's demurrer to the evidence at the close of de-
fendant's testimony, because all the testimony in the
case showed that defendant had in good faith carried
out its contract with plaintiff. Authorities under
point 1. (3) The court erred in giving plaintiff's
instruction because it did not cover the question of
whether defendant had performed its contract or not.
Clark v. Hammerle, 27 Mo. 55; Hoffman v. Parry, 23
Mo. App. 20; Martin v. Johnson, 23 Mo. App. 96;
Hayner v. Churchill 29 Mo. App. 676; Willmott v.
Railroad, 106 Mo. 535; Holladay-Klatz Land & Lum-
ber Co. v. T. J. Moss Tie Co., 87 Mo. App. 167;
Griffith v. Conway, 45 Mo. App. 574; Carroll v. Rail-

road, 60 Mo. App. 465; Walker v. Phoenix Ins. Co., 62 Mo. App. 209; Mallmann v. Harris, 65 Mo. App. 127; Laughlin v. Gerardi, 67 Mo. App. 372; Link v. Westerman, 80 Mo. App. 592; Austin v. St. Louis Transit Co., 115 Mo. App. 146; Zeis v. St. Louis Brewing Ass'n, 205 Mo. 638; Cytron v. St. Louis Transit Co., 205 Mo. 692; Flaherty v. St. Louis Transit Co., 207 Mo. 318; State ex rel. Shipman v. Allen, 124 Mo. App. 465; Trimble v. Moore, 125 Mo. App. 601; Warrington v. Kallaner, 135 Mo. App. 5; Packing Co. v. Mertens, 150 Mo. App. 583.   (4)   The court erred in allowing plaintiff to recover punitive damages, because the question presented in this case is an entirely new question involving the construction of a clause in an insurance policy that has never been construed by the courts of this State and which defendant had a right to have tried out without being subjected to any penalty.   Rogers v. Insurance Co., 157 Mo. App. 671. Renfro v. Insurance Co., 148 Mo. App. 258.

*James J. O'Donohoe* for respondent.

(1)   That part of the policy limiting the appellant's liability to a return of the premiums paid thereon is invalid because contravening the misrepresentation statute.   Section 6937, R. S. Mo. 1909; Buchholz v. Ins. Co., 177 Mo. App. 683; Roedel v. Ins. Co., 176 Mo. App. 584; Coscarella v. Ins. Co., 175 Mo. App. 130; Ins. Co. v. Stiewing, 173 Mo. App. 108; Welsh v. Ins. Co., 165 Mo. App. 233; Frazier v. Ins. Co., 161 Mo. App. 709; Lynch v. Ins. Co., 150 Mo. App. 461; Salts v. Ins. Co., 140 Mo. App. 142; Burns v. Ins. Co., 141 Mo. App. 212; Burridge v. Ins. Co., 211 Mo. 158; Williams v. Ins. Co., 73 Mo. App. 612; Kern v. Legion of Honor, 167 Mo. 471; Keller v. Ins. Co., 58 Mo. App. 557; Whitfield v. Ins. Co., 205 U. S. 489; Ins. Co. v. Coleman, 58 Ga. 251; Ins. Co. v. Leslie, 47 Ohio St. 409; King Brick Mfg. Co. v. Ins. Co., 164 Mass. 291;

Emery v. Ins. Co., 52 Me. 322; Day v. Ins. Co., 81 Me. 244. Warranties have been abolished in this State. Sec. 6937, R. S. Mo. 1909; Ashford v. Ins. Co., 98 Mo. App. 505; Jacobs v. Life Assn., 146 Mo. 523; Aloe v. Life Assn., 164 Mo. 675; Sheurmann v. Ins. Co., 165 Mo. 641; Jenkins v. Ins. Co., 171 Mo. 383. Stipulations inserted in policies to evade statutes and to modify liability are uniformly condemned. Harms v. Casualty Co., 172 Mo. App. 241; Burridge v. Ins. Co., 211 Mo. 158; Karnes v. Ins. Co., 144 Mo. 413; Williams v. Ins. Co., 73 Mo. App. 612; Keller v. Ins. Co., 58 Mo. App. 557; Price v. Ins. Co., 48 Mo. App. 281. (2) Where the amount is fixed or liquidated the payment of a sum less than the amount due does not deprive the beneficiary of a right to prosecute a suit for the residue. Harms v. Casualty Co., 172 Mo. App. 241; Biddlecom v. Assurance Co., 167 Mo. App. 581; Head v. Ins. Co., 241 Mo. 403; Hanson v. Crawford, 130 Mo. App. 232; Goodson v. Nat. Masonic Accident Assn., 91 Mo. App. 339; Jenkins v. Ins. Co., 79 Mo. App. 55. (3) Respondent's viewpoint was and now is that there was no issue to be submitted to the jury beyond the questions of damages and attorney's fee, and plaintiff's instruction covered the same. But if plaintiff's instruction was insufficient, it was the duty of defendant to request further instructions covering the whole case, and failing to do so, it cannot complain of the insufficiency of plaintiff's. Knight v. Kansas City, 138 Mo. App. 153; Ghere v. Zey, 128 Mo. App. 362; Fisher v. Railroad, 198 Mo. 562; Carpenter v. Hamilton, 185 Mo. 603. Plaintiff's instruction is not erroneous, even if designed to cover the whole case, because it failed to include the defenses. Meily v. Railroad, 215 Mo. 567. Mere nondirection is not reversible error. Morgan v. Mulhall, 214 Mo. 451. The court, at the request of appellant, submitted to the jury every conceivable issue and the finding thereupon is binding on both parties. Jones v. Brownlee, 161 Mo.

258; Horgan v. Brady, 155 Mo. 659; Dunlap v. Griffith, 146 Mo. 292; Berkson v. Railroad, 144 Mo. 220; Reardon v. Railroad, 114 Mo. 384; Wilkins v. Railroad, 101 Mo. 105; Thorpe v. Railroad, 89 Mo. 650; Homes v. Braidwood, 82 Mo. 610. (4) There is no new question involved in this case (cases cited under point 1) and the court was bound, under the repeated rulings of the appellate courts of this State to submit the questions of damages and attorney's fees to the jury. Lehmann v. Ins. Co., 167 S. W. 1047; Stix v. Travelers' Indemnity Co., 175 Mo. App. 171; Jones v. Ins. Co., 173 Mo. App. 1; Troll v. Ins. Co., 172 Mo. App. 12; Cox v. Ins. Co., 154 Mo. App. 464; Utz v. Ins. Co., 139 Mo. App. 153; Kellogg v. Ins. Co., 133 Mo. App. 391.

REYNOLDS, P. J.—Plaintiff instituted this action before a justice of the peace, filing a statement in which he claimed that, under a policy issued by the defendant company, of date Sept. 5, 1910, it had insured Joseph Dodt, her husband, promising to pay in case of his death six months after the date of the policy, the sum of $153 or, if he died within six months after the date of the policy, only half of the face of the policy, to-wit, $76.50. Averring that the insured died on or about February 23, 1911; that plaintiff was his wife and is now his widow; that he was insured and carried this policy in the defendant company at the date of his death and had complied with all the conditions and provisions of the policy to be performed by him; that after his death plaintiff had notified defendant thereof and furnished it with due proofs of death and demanded payment of one-half the face of the policy, but that defendant had vexatiously refused to pay it and disclaimed all liability thereunder, judgment is prayed for $76.50, less 3.90, and interest thereon at six per cent per annum, together with ten per cent thereon as damages, and a reasonable attorney's fee for vexatious refusal to pay the amount

of the policy and for costs. From a judgment in favor of plaintiff before the justice, defendant took an appeal to the circuit court, where the case was tried before the court and a jury.

There was no question as to the issue of the policy, its date and amount, nor as to the fact of the death of the insured within six months of the date of the policy, nor as to the fact that plaintiff is his widow. The defense relied upon rests upon one of the provisions in the policy called "first preliminary provision," which reads: "The company's liability under this policy shall be limited to a return of the premiums paid hereon if the insured die before the date hereof, or if on said date the insured be not in sound health." It is in evidence that shortly after the death of the insured an agent of the defendant company called upon plaintiff and represented to her that he had ascertained that her husband was not in good health at the time the policy was issued to him, and that under this provision of the policy the company's only liability was for the return of the premiums paid thereon; that these amounted to $3.90, which amount the agent paid plaintiff by check, taking her receipt therefor as in release of all claims under the policy.

The testimony of plaintiff was to the effect that her husband had died of heart disease, he being confined to his bed from December 24, 1910, to the time of his death. The testimony on the part of defendant was to the effect that the insured had not been "in good health" for some time prior to the issuing of the policy. Under what particular form of ill health the insured was suffering was not in evidence, and there is no evidence in the case that his condition of health at the time the policy was issued to him was of such a character that it actually contributed to his death.

If the receipt or release, in part relied upon, is valid, then plaintiff has no case. The effect of the payment of $3.90 depends upon the question as to whether

this policy, as interpreted by its terms and under our law, is one calling for the payment of one-half the face of the policy, as claimed, to-wit, the sum of $76.50, or merely for the return of the premiums paid and interest, which it appears amounted to $3.90. Some effort is made on the part of defendant's counsel to show that this $3.90 was paid and received by way of compromise of a disputed claim. The evidence, however, does not bear out this contention, and so the jury must have found. It is very specific, to the effect that defendant's agent went to plaintiff and told her that he had ascertained that her husband was not in good health at the time he took out the policy and that under the terms of the policy all that she could recover would be $3.90. Plaintiff says that at the time she was in much distress and relied upon what defendant's agent told her and on the faith of that had accepted the money and signed the release, further testifying that this agent had told her that in point of fact the company owed her nothing, but that they would pay her this $3.90 "out of pity." This latter statement, however, is denied by the agent. However that may be, it cannot be said that this was paid by way of compromise, or to settle the pending litigation. There is no evidence that at that time plaintiff had either commenced or threatened any litigation, or in fact had made any demand on the company for the payment of any sum. If in point of fact it was not true that under the contract $3.90 only was due upon it and that the full face of the policy was due, then it is the well-settled law of this State that the payment or tender under the policy of a sum less than the full amount of the sum due, does not deprive the beneficiary of a right to prosecute a suit for the entire amount. Head v. New York Life Ins. Co., 241 Mo. 403, 147 S. W. 827; Biddlecom v. General Accident Assur. Co., 167 Mo. App. 581, 152 S. W. 103, and Harms v. Fidelity & Casualty Company of New York, 172 Mo.

App. 241, 157 S. W. 1046, are ample authority for
this. These cases contain such a full discussion of
the proposition that it is unnecessary to cite others.

That brings us to the real contention of learned
counsel for appellant and to which they direct the con-
sideration of the court. That is, whether in the light
of section 6937, Revised Statutes 1909, the company
can limit its liability to a return of the premiums paid
on the policy, if at the date thereof the insured was not
"in sound health." Section 6937 of our statute pro-
vides: "No misrepresentation made in obtaining or
securing a policy of insurance on the life or lives of
any person or persons, citizens of this State, shall be
deemed material, or render the policy void, unless the
matter misrepresented shall have actually contributed
to the contingency or event on which the policy is to
become due and payable, and whether it so contributed
in any case shall be a question for the jury." This
section of our statute has frequently been before our
courts, both the Supreme Court and the Courts of Ap-
peals, and its meaning is so well settled that it does
not seem to call for further discussion.

Our Supreme Court, in Jenkins v. Covenant Mut.
Life Ins. Co., 171 Mo. 375, l. c. 382, 71 S. W. 688, has
ruled that the word "misrepresentation," as used in
that section includes warranties. This was reiterated
in Mathews v. Modern Woodmen of America, 236 Mo.
326, l. c. 347, 139 S. W. 151. That same rule of inter-
pretation has been followed and enforced by our
Courts of Appeals in many cases, as see Metropolitan
Life Ins. Co. v. Stiewing, 173 Mo. App. 108, 155 S. W.
900; Coscarella v. Metropolitan Life Ins. Co., 175 Mo.
App. 130, 157 S. W. 873; Roedel v. John Hancock Mut.
Life Ins. Co., 177 Mo. App. 683, 160 S. W. 573.

But it is said by learned counsel for appellant that
this condition in this policy presents a new phase of
this question, or presents the question of the construc-
tion and application of section 6937 in a new and dif-

ferent light, counsel claiming that this condition in the policy before us is written under and in compliance with section 6973. We accept the statement of counsel that this provision was inserted in good faith, and in an attempt to obey and comply with the law, but we can come to no conclusion other than that its effect, if sustained, would be a successful evasion of the provisions of section 6937 of our statute. We hold that it is no more effective than the attempts made by insurance companies to evade the section of our statutes which eliminates suicide as a defense by providing that in cases of suicide a less amount than the face of the policy shall be paid. All such attempts have proved abortive when brought before the courts. We have reviewed the authorities so fully on this proposition in the case of Applegate v. Travelers Ins. Co., 153 Mo. App. 63, 132 S. W. 2, that it is unnecessary to enter into a discussion of it or of citation of authorities here.

As noted in the Applegate case, Mr. Justice HARLAN, speaking for the Supreme Court of the United States, followed the decision of our court in Keller v. Travelers Ins. Co., 58 Mo. App. 557, and of our Supreme Court in Logan v. Fidelity & Casualty Co., 146 Mo. 114, 47 S. W. 948. [See Whitfield v. Aetna Ins. Co., 205 U. S. 489.]

In like manner our court, in Williams v. Bankers & Merchants' T. M. F. Ins. Co., 73 Mo. App. 607, condemned an attempt to evade what it now section 7020, Revised Statutes 1909, the valued policy law of our State.

Our conclusion upon this branch of the case is, that notwithstanding this first clause the provision of the contract in the policy of the defendant company, the nonforfeiture clause of our statute governs, and that unless it appeared by the evidence and to the satisfaction of the jury, that the condition of health of the insured was such at the time of taking out the in-

surance that it contributed to his death, then defendant is liable.

That question was submitted to the jury in this case in the strongest possible language by instructions given at the instance of defendant. Thus, by one instruction the jury were told that under the terms of the policy the company's liability was limited to the return of the premiums paid thereon, if the insured was not in sound health on the date of the policy, and if the jury believed and found from the evidence that at the date of the issue of the policy the insured was not in sound health and that he died on a subsequent day, and that on that day premiums amounting to $3.90 had been paid under said policy, and that thereafter plaintiff made claim for the proceeds of the policy but that defendant denied liability on the policy, other than for the return of the premiums because the insured was not in sound health on the date of the issue of the policy, and that defendant thereafter paid the sum of $3.90 to plaintiff and plaintiff accepted it, their verdict must be for defendant. The jury were further told, at the instance of defendant, that if they believed from the evidence that after the death of the insured, plaintiff made claim upon the policy of insurance and that thereupon a controversy in good faith arose and existed between plaintiff and defendant as to defendant's liability under the policy, and that thereafter defendant in good faith paid to plaintiff the sum of $3.90 and plaintiff accepted that sum in compromise of the controversy and in discharge of any liability under the policy, their verdict must be for defendant. At the instance of defendant the court further instructed the jury that the burden of proof was on plaintiff to establish by a preponderance of the evidence the facts necessary to a verdict in her favor under these instructions but that if plaintiff had not so established her case, or if the evidence was evenly

balanced so that the jury were in doubt and unable to say on which side is the preponderance, or if the preponderance is in favor of defendant, in either of these cases their verdict must be for defendant. Surely defendant has no cause whatever to complain of these instructions. We recite them without in any manner endorsing them as correct propositions of law.

Complaint is made that the instruction given at the instance of plaintiff is fatally defective in that it does not embrace all the issues and does not cover the defense put up. That instruction did not purport to be on the merits of the case in any way whatever; it was simply a direction, and a correct one, on the measure of damages in case there was a verdict returned for plaintiff, so that the rule invoked by counsel for defendant does not apply.

Complaint is made of the allowance for damages for vexatious refusal to pay. That is so much a question for the jury, both as to amount of counsel fee and as to the fact of the delay being vexatious and so bringing it within the provisions of section 7068, that we do not think it a case for our interference. Beyond doubt the company defendant had no intention whatever of paying more than the premiums and interest on them and intended resisting any claim that plaintiff might make for any amount above that. There was evidence as to the value of the services of an attorney in the case, from which the jury were warranted in awarding the amount which they did. The verdict credited defendant with the $3.90 and interest thereon, which had been paid her by defendant, so we cannot say it is excessive or evidence prejudice.

We discover no reversible error. The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.