E. Hooker, Respondent, v. Phoenix Insurance Company of Hartford, Appellant.

Kansas City Court of Appeals, February 15, 1897.

1. Insurance: ARBITRATION: EVIDENCE. Where the assured and the adjuster fail to agree as to the extent of the loss, and the policy provides in such case for arbitration, such offer is a condition precedent to the right to sue; but in this case the evidence sufficiently tended to show an offer to arbitrate by the plaintiff.

2. ———: INSTRUCTION: COMPLIANCE: WAIVER. An instruction telling the jury that the plaintiff complied with the terms of the policy, etc., is proper, though the insured is depending upon a waiver of some of the conditions to show a performance, since proof of waiver is proof of performance within the meaning of the policy.

*Appeal from the Camden Circuit Court.*—HON. ARGUS
Cox, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

(1)  The court erred in refusing defendant's de-
murrer to the evidence.    There was a disagreement as
to the amount of the loss.    Under the terms of the pol-
icy plaintiff could  not sue  until the  amount had  been
fixed by appraisers.    It stands admitted that the  loss
had not been so fixed.    *Murphy v. Ins. Co.*, 61 Mo.
App. 323;  *McNees v. Ins. Co.*, 61 Mo. App. 335.
(2)  The instruction given for  plaintiff is  erroneous.
It entirely ignores the issues raised  by  the pleadings.
It is not contended that  the  amount of the  loss  had
been ascertained by  appraisers as  required by the pol-
icy.    Plaintiff, in fact, relied upon a waiver by defend-
ant of that condition.    We think there is no  evidence
in the  record  tending to  show a waiver, at all  events
the  evidence is  conflicting.    Then  clearly  the  court
should  have  submitted  the  question  to the  jury,
whether or not defendant had waived that condition in
the policy.    This instruction wholly ignores  the  issue
of waiver by defendant and submits  the issue  whether
plaintiff had complied with the terms of the policy.

*J. P. Nixon* for respondent.

(1)  The question of  waiver was submitted to the
jury on plaintiff's instruction.    Compliance was shown
by proof of waiver of that portion of the policy requir-
ing appraisement, and as waiver of  such appraisement
was the only contested question presented to the atten-
tion of the jury, either by conflicting evidence or argu-

ment of counsel, as well as by instruction, there can be no doubt that the appellant had the full benefit of the jury's opinion on that subject. If the instruction was not sufficiently full and definite to present his defense, he should have prepared such instructions as were explicit, and asked the trial court to give them, and if refused he would have had cause of complaint. *Drury v. White,* 10 Mo. 354; *Estes v. Frey,* 22 Mo. App. 88. (2) The demurrer was properly overruled, as there was evidence of waiver. Waiver was a question for the jury, and the demurrer was properly overruled. *Ehrlich v. Ins. Co.,* 88 Mo. 255; *Oakey v. Ins. Co.,* 29 Mo. App. 111; *Loeb v. Ins. Co.,* 99 Mo. 58; Wood on Insurance, sec. 417, p. 724, and sec. 496; *Arnold v. Ins. Co.,* 55 Mo. App. 156.

GILL, J.—This is an action on an insurance policy covering the contents of a livery stable at Lebanon, Missouri, and which was destroyed by fire in October, 1894. The sole defense relied on at the trial was the alleged failure of the plaintiff to have the property appraised after the fire, it being alleged and shown that the parties failed to agree on the extent of the loss.

Plaintiff had a verdict and judgment for the full amount named in the policy and defendant appealed.

There appears no substantial reason for disturbing the judgment. The undisputed evidence establishes a meritorious case for the plaintiff. It shows that during the life of the policy the property insured was destroyed by an accidental fire; that its value was considerably in excess of $1,400, the amount named in the policy, and that due and proper notice and proofs of loss were served on the defendant. The only defense was that the company's adjuster and plaintiff, at a meeting held by them two weeks after the fire, disagreed as to the extent of the

INSURANCE: arbitration: evidence.

loss, and that plaintiff brought his suit without having the loss appraised by arbitrators as required by the policy, which, in a similar policy, was held by this court to be a condition precedent to a right of recovery. See *Murphy and McNees* cases, 61 Mo. App. 323, 335.

There was, however, in this case evidence tending to prove performance, or at least tender of performance, of this condition as to arbitration. The testimony of plaintiff was to the effect that at the time of the futile negotiations between him and the company's adjuster, he (plaintiff) offered to arbitrate the loss; that the adjuster left, promising to investigate the matter of prices of vehicles, etc., such as were destroyed, and then write the plaintiff, but never did so. In other words, the defendant, according to the plaintiff's evidence, was put in the attitude of refusing an arbitration when offered by the plaintiff. The defendant is not, therefore, in a condition to complain of the absence of an appraisement. By the conduct of its officer or agent that provision of the policy was waived.

Neither do we think there was reversible error in giving plaintiff's instruction which, in effect, told the jury that if the loss occurred, etc., and that plaintiff, on his part, *complied with the terms of the policy*, then the jury should find for the plaintiff the value of the property insured and destroyed, but not to exceed the sum named in the policy.

——: instruction: compliance: waiver.

Defendant's counsel complain of the use of the above italicized language. It is contended that plaintiff, as to the arbitration, relied on a waiver and that there was no evidence of performance, and that therefore the instruction erroneously submitted an issue of performance of the conditions of the policy. But, as already stated, the evidence in plaintiff's behalf tended to show performance, or such acts as would excuse it; that is, that he did ask an arbitration which was in effect

declined. Such "proof of waiver is proof of perform-
ance within the meaning of the policy." *McCullough
v. Ins. Co.*, 113 Mo. 606–616, and cases cited.

The judgment will be affirmed. All concur.