MATTISON J. BENSON, Respondent, v. METRO-POLITAN LIFE INSURANCE CO., Appellant.

**Kansas City Court of Appeals, February 19, 1912.**

1. **INSURANCE: Sound Health: Misrepresentation: Statute.** Though an insurance policy provides that it shall only take effect if the assured is in sound health when it is issued, yet the statute (Sec. 6937, R. S. 1909), providing that no misrepresentation shall avoid a policy unless the matter misrepresented contributed to the death, applies.

2. ———: **Misrepreseitation: Heart Disease: Death.** If the assured represented that he was in sound health and that he had not had heart disease, and the uncontradicted evidence shows he had the disease before and at the date of his policy, and that he died therefrom, he should not recover.

3. ———: ———: ———: Waiver: Knowledge.  A waiver of
misrepresentation as to a disease from which an assured dies,
may be made by the insurer.  But to constitute a waiver the
insurer must have known the substantial facts.    Therefore,
where the insurer was informed when he delivered the policy
that deceased was in the hospital for a few days on account
of a "slight or trivial" operation, and that he was "expected
out any day," that knowledge is not a waiver of his having
heart disease then and for a year previous and of which he
died.

Appeal from Jackson Circuit Court.—*Hon. E. E.
Porterfield,* Judge.

REVERSED.

*James H. Austin* for appellant.

*M. A. Fyke* and *James H. Richardson* for respond-
ent.

ELLISON, J.—Plaintiff's action is on a policy
of industrial life insurance issued on the life of El-
mer E. Burroughs, who was plaintiff's nephew and
who lived with him and his wife.  The judgment in
the trial court was for the plaintiff.

.The policy was issued on the 27th and delivered
on the 28th of July, 1908.  It was conditioned that de-
ceased was in "sound health" when it was issued;
and he represented that he had never had heart dis-
ease.  The undisputed facts were that he was not
in sound health and that he had had heart disease
for more than a year, having been in the hospital for
a month, a year prior to the policy, and at the date
of the policy was then in the hospital and had been
for several days, and that he died in the hospital of
heart disease within six weeks after the issuance of
the policy.

By the statute of this state (sec. 6937, R. S. 1909)
it is declared that no misrepresentation made in pro-

161 App.—31

curing a policy shall be deemed material, or render the policy void, unless the matter misrepresented contributed to the death. And that statute has been held by the St. Louis Court of Appeals to apply to policies providing, as does the present one, that the policy shall only become effective if the assured is in sound health when it is issued. [Salts v. Ins. Co., 140 Mo. App. 142; Lynch v. Ins. Co., 150 Mo. App. 461.]

But as the uncontradicted evidence shows that deceased died of the disease misrepresented, the statute can be of no avail to the plaintiff. It is therefore apparent that no recovery should be had under such contract and the facts stated, unless influenced by some other consideration. So therefore, plaintiff relies upon a waiver. The facts bearing upon the waiver are that defendant's agent knew deceased was in the hospital when he took his application and when he delivered the policy, but was informed that he was there for a slight operation. Deceased's aunt testified that: ''I told him (agent) he was at the hospital, but he wouldn't be but a few days, he had a slight operation (for piles) he wanted to perform; and he (the agent) said, have him sign it''—(the application). That afterwards, when the agent was collecting weekly premiums from her, he always asked how deceased was, and ''I told him he was getting along nicely and that I expected him home any day.'' At another part of her testimony she said she told the agent that the cause of his being at the hospital was trivial and did not amount to anything.

It is evident that this knowledge of defendant, through its agent, was not a waiver of the condition that deceased must not have been afflicted with heart disease. The evidence does not show the essential fact of knowledge of the matter said to be waived. The agent was not informed of deceased having been in a hospital a year before under treatment for heart disease, or that he then was so affected. It is said in

Bishop on Contracts, sec. 792, that: "Waiver is where one in possession of any right, whether conferred by law or by contract, and of full knowledge of the material facts, does or forbears the doing of something inconsistent with the existence of the right or of his intention to rely upon it."

It may be conceded that if an insurance company conditions a policy that the assured shall be of sound health and issues it with knowledge that he has an incurable disease, of which he dies, his beneficiary could recover. But that is a widely different proposition from that presented by the facts here. Defendant may very well have concluded to deliver the policy, notwithstanding deceased was in a hospital for a day or two for a trivial affair, when no one of ordinary reason would deliver it if he knew the deceased was, and had been for a year, afflicted with an incurable malady.

In our opinion there was no legal basis for plaintiff's judgment, and it will be reversed. All concur.