L. B. BOHANNON, RESPONDENT, v. ILLINOIS BANKERS LIFE ASSOCIATION, A CORPORATION, APPELLANT.*

Springfield Court of Appeals. Opinion filed September 23, 1929.

*Corpus Juris-Cyc References: Insurance, 32CJ, section 134, p. 1058, n. 30; 33CJ, section 874, p. 141, n. 38; Life Insurance, 37CJ, section 73, p. 400, n. 42; section 82, p. 406, n. 71, 75; section 448, p. 648, n. 34; section 449, p. 649, n. 46; section 451, p. 652, n. 72; Trial, 38Cyc, p. 1721, n. 46.

*Hugh T. Martin* and *Orville Zimmerman* for appellant.

*W. G. Bray* for respondent.

BAILEY, J.—Plaintiff brought suit on a life insurance policy, in which he was named beneficiary, issued by defendant to plaintiff's wife, Martha E. Bohannon, deceased. This policy was for $1000 and was issued December 24, 1927. Martha E. Bohannon died January 2, 1928. Defendant refused payment and this suit resulted. The judgment in the trial court was for plaintiff and defendant has appealed.

Defendant contends that its demurrer to the evidence, filed at the close of plaintiff's case, should have been sustained. This contention is based, primarily, upon an alleged breach of a certain condition or stipulation contained in the application for insurance providing, in substance, that the insurance was not to go into effect until after the policy should have been issued and delivered to insured while she was in good health. The application was dated December 13, 1927, and signed by the insured. It seems she was pregnant at that time and suffered a miscarriage on December 17th, thereafter. The policy was delivered to plaintiff by defendant's local insurance agent, Sam E. Senseney, for further delivery to the insured. Plaintiff testified that at the time Senseney brought the policy to him for delivery he told Senseney that his wife had been sick since the date of the application; that she had suffered, "a miscarriage," on the 17th of December, but that she was, "improved;" that he did not tell him his wife was, "in a serious condition;" that he was not asked whether his wife was sick at that time, and did not recall whether or not he told Senseney about her condition on that particular day. There was no other evidence in the case, and this testimony was uncontroverted. Insured was sick continuously from the 17th of December, 1927, until January 2, 1928, when she died. The policy was delivered between those dates, under the circumstances above related. Plaintiff furnished proofs of death of his

wife, but the record fails to set out such proofs and the cause of insured's death is not shown. Defendant refused payment of the policy on or about February 4, 1928.

The provision in the application for insurance that the policy should not become effective until delivered while the insured was in good health, was a valid and binding condition of the contract of insurance. [Benson v. Metropolitan Life Ins. Co., 161 Mo. App. 480, 144 S. W. 122; Yount v. Prudential Life Ins. Co., 197 S. W. 749; Carpenter v. St. Joseph Life Ins. Co., 246 S. W. 623; Stephens v. Metropolitan Life Ins. Co., 190 Mo. App. 673, 176 S. W. 253.]

But such provision, being for the benefit of the company, might be waived by such company. [Bell v. Insurance Co., 166 Mo. App. 390, 149 S. W. 33; Rhodus v. K. C. Life Ins. Co., 156 Mo. App. 281, 137 S. W. 907; Herndon v. Triple Alliance, 45 Mo. App. 426.]

In considering the demurrer, the first question is whether or not there was any evidence that defendant waived the "good health," provision of the application signed by insured. We believe the decisions establish the proposition that an insurance agent, clothed with authority to solicit insurance, collect premiums and deliver policies, may receive such notice of the breach of a condition, at the time he may deliver the policy, as to bind the insurer by a waiver of such condition. [Bennett v. Standard Acc. Ins. Co., 237 S. W. 144, 209 Mo. App. 81; Benson v. Metropolitan Life Ins. Co., 161 Mo. App. 481, 144 S. W. 122; Tiller v. Farmers Mutual Fire Ins. Co., 296 S. W. 464; Connecticut Indemnity Assn. v. Gregon, 21 Ky. 717, 52 S. W. 959; Metropolitan Life Ins. Co. v. Willis, 37 Ind. App. 48, 76 N. E. 560; Ames v. Manhattan Life Ins. Co., 57 N. Y. Supp. 759.]

According to plaintiff's testimony defendant's agent knew the insured had been pregnant at the time she signed the application. He also knew she had suffered a miscarriage between the date of the application for insurance and the date of the delivery of the policy. He further knew she had not fully recovered. We think such knowledge was sufficient to, at least, make a question for the jury on the proposition of a waiver.

The demurrer was properly overruled for the further reason that defendant failed to prove that the admited pregnancy of insured, and miscarriage suffered by her, contributed to her death. Under our statute, stipulations in insurance policies, that the insured shall be in good health at the time of delivery of the policy, no longer possess the force of a warranty. Unless the poor health contributes to cause the death of the insured, liability cannot be denied on that ground; and, in any case, it shall be a question for the jury, in the absence of an admission by plaintiff wholly unexplained. [Sec. 6142, R. S. Mo. 1919; Lynch v. Prudential Life Ins. Co., 150 Mo.

App. 461, 131 S. W. 145; Frazier v. Ins. Co., 161 Mo. App. 709, 141 S. W. 936; Hicks v. Ins. Co., 196 Mo. App. 162, 190 S. W. 661.]

There was no such admission by plaintiff and we, therefore, think the question as to whether insured's state of health at the time of delivery of the policy was a contributing factor to her death, was for the jury.

The trial court properly amended defendant's instruction 3, directing a verdict for defendant if insured was not in good health at the time the policy was delivered. The amendment consisted of a proviso incorporating the waiver theory. We have held the evidence heretofore set forth was sufficient to make the question of waiver one for the jury. Moreover, the instruction was improper as offered because it took from the jury, entirely, the duty of finding whether or not the sickness of insured at the time the policy was delivered contributed to her death.

The proof of agency of Senseney is questioned. We think the agency was, in effect, admitted by defendant by its admission that the policy was, "duly delivered." The evidence also shows Senseney solicited the insurance and delivered the policy, which had evidently been sent him by defendant for that very purpose. Furthermore, the policy itself shows Senseney to have been the soliciting agent. The issue was not in regard to the fact of agency but rather as to the extent of the agent's authority. We have disposed of that question.

It is urged that plaintiff's instruction No. 1 was erroneous because it presented to the jury two inconsistent theories, i. e., that (1) if the policy was delivered while insured was in good health or (2) if the agent of the company knew the condition of her health when he delivered the policy, etc., plaintiff was entitled to recover. The issue as to insured being in good health was also submitted by defendant in its instruction. Plaintiff was entitled to submit the question of waiver which, if proven, amounted to a compliance with all the conditions of a valid delivery. [Hooker v. Insurance Co., 69 Mo. App. 141.]

We find no inconsistency in the instruction. Moreover, all the instructions were so drawn as to deny recovery to plaintiff if insured was sick at the time of delivery of the policy, without requiring the jury to further find that such sickness contributed to the death of insured. Defendant thus obtained more favorable instructions than it was entitled to, as heretofore indicated. We find no reversible error in the trial and the judgment should be affirmed. It is so ordered. *Cox, P. J.*, concurs; *Smith, J.*, not sitting.