## HURT et al. v. NEW YORK LIFE INS. CO.*
### No. 400.

Circuit Court of Appeals, Tenth Circuit.

Aug. 5, 1931.

See, also, 35 F.(2d) 92.

Arnold C. Todd and Austin M. Cowan, both of Wichita, Kan., for appellants.

Wm. C. Michaels, of Kansas City, Mo., and Richard E. Bird, of Wichita, Kan. (Meservey, Michaels, Blackmar, Newkirk & Eager, of Kansas City, Mo., and Louis H. Cooke, of New York City, on the brief), for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

On April 9, 1924, Clayton L. Andrews made application to the insurance company for a $1,000 policy of life insurance. He was examined by the insurance company's medical examiner on April 12, 1924, and the policy was issued shortly thereafter. On April 28, 1924, he made application to the insurance company for a $5,000 policy of life insurance. The latter application was predicated upon the medical examination of April 12. The second policy was delivered May 6, 1924. The insurance thereunder was made payable to "the executors, administrators or assigns of the insured." It was assigned to Robert W. and Elmer R. Hurt on

*For opinion denying rehearing, see — F.(2d) —.

May 6, 1924. The insured died June 29, 1924.

The second application contained the following provision:

"It is mutually agreed as follows: 1. That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime, and then only if the applicant has not consulted or been treated by any physician since his medical examination."

On April 1, 1926, such assignees filed a suit at law against the insurance company to recover the full amount of the second policy. On April 7, 1926, the insurance company commenced an independent suit in equity against such assignees and Minerva M. Andrews (as "the first person * * * entitled to be named as administrator of the estate of * * * Andrews, deceased") to cancel such policy. In its complaint the insurance company alleged, as a breach of the above quoted condition precedent, that during the interval between the medical examination and delivery of the second policy insured was afflicted with a malignant bladder ailment and several times consulted and was treated by physicians therefor. On May 12, 1926, the insurance company filed an answer in the law action in which it set up the nonperformance of such condition precedent as an equitable defense, and prayed for a cancellation of the policy.

The second policy contained the following incontestable clause:

"This policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as to provisions and conditions relating to Disability and Double Indemnity Benefits."

And provided that it should take "effect as of the twenty-eighth day of April, nineteen hundred and twenty-four." It will be noted that the equity suit was filed before, and the answer in the law action after, the expiration of the contestable period.

The two cases were consolidated. The trial court dismissed the equity suit on the ground that the insurance company had an adequate remedy at law, and gave judgment on the pleadings for plaintiffs in the law action for the reason that the answer had not been filed until after the incontestable period had expired. The insurance company appealed. The appellate court held that, since the law action was brought by the assignees only, the insurance company had the right to bring an equity suit to protect itself against possible claims of the administrator of the Andrews estate, and that, having initiated the equity suit within the contestable period, the insurance company was thereafter entitled to the benefit of such contest in the equity suit, or in any other judicial proceedings respecting such policy, upon all and only the grounds of contest set up in such equity suit. It reversed and remanded both cases with instructions to try the law action first, and to dispose of the equitable issues in that action before taking up the legal issues. New York L. I. Co. v. Hurt (C. C. A.) 35 F.(2d) 92. Thereupon the case was transferred to the equity docket and heard on the merits. The court sustained the equitable defense, and entered a decree cancelling the policy.

A copy of the April 28 application was attached to the policy and by express reference was made a part of the insurance contract. The provisions of the application are entitled to the same consideration as if they had been inserted at large in the policy. First National Bank of K. C. v. Hartford Fire I. Co., 95 U. S. 673, 24 L. Ed. 563; Hubbard v. Mutual Res. Fund L. A. (C. C. A. 1) 100 F. 719, 721; New York L. I. Co. v. Wertheimer (D. C. Ohio) 272 F. 730; Person v. Aetna L. I. Co. (C. C. A. 8) 32 F. (2d) 459.

The evidence disclosed that the insured was treated by Dr. Hissem and Dr. Swope for a bladder ailment during the interval between April 12, 1924, the date of the medical examination, and May 6, 1924, the date of the delivery of the second policy. Dr. Hissem diagnosed the disease as a tumor and burned it with electricity. Dr. Swope gave the insured X-ray treatments therefor. An autopsy showed a malignant tumor on the bladder which had shrunk in size. Plaintiffs did not meet this evidence but undertook to show that the bladder malady had not contributed to the death of insured.

Counsel for plaintiffs contend that the disease for which insured was treated during the period intervening between the date of the medical examination and delivery of the policy did not contribute to his death, and therefore plaintiffs were entitled to recover on the policy under the provisions of section 40—330, Kan. Rev. St. 1923, which reads as follows:

"No misrepresentation made in obtaining or securing a policy of insurance on the life

or lives of any person or persons, citizens of this state, shall be deemed material or render the policy void unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable."

The above quoted provision in the second application, which became a part of the insurance contract, created certain conditions precedent to the taking effect of the insurance coverage which are valid and enforceable. Person v. Ætna L. I. Co. (C. C. A. 8) 32 F.(2d) 459; Paine v. Pacific Mut. L. I..Co. (C. C. A. 8) 51 F. 689; Ætna L. I. Co. v. Johnson (C. C. A. 8) 13 F.(2d) 824; New York L. I. Co. v. Griffith (C. C. A. 10) 35 F. (2d) 945; Logan v. New York L. I. Co., 107 Wash..253, 181 P. 906; New York L. I. Co. v. Wertheimer (D. C. Ohio) 272 F. 730; Federal L. I. Co. v. Wright (Tex. Civ. App.) 230 S. W. 795, 799, 800; Hruska v. Prudential L. I. Co., 203 Iowa, 1165, 211 N. W. 858-9; American Nat. I. Co. v. Wiggins (Tex. Civ. App.) 4 S.W.(2d) 595; American Bankers' I. Co. v. Thomas, 53 Okl. 11, 154 P. 44; Jones v. New York L. I. Co., 69 Utah, 172, 253 P. 200; note, 17 L. R. A. (N. S.) 1144; 37 C. J. p. 400, § 73.

Where a policy of life insurance contains such a condition precedent, performance (Ellis v. State Mutual L. A. Co., 206 Ill. App. 226; Reese v. Fidelity Mutual L. Ass'n, 111 Ga. 482, 36 S. E. 637; Anders v. Life Insurance Clearing Co., 62 Neb. 585, 87 N. W. 331; Stringham v. Mutual Ins. Co., 44 Or. 447, 75 P. 822) or waiver (37 C. J. p. 400, § 73; Id. p. 403, § 77) thereof is a prerequisite to recovery on such policy.

In the law of contracts, a condition precedent may be either a condition which must be performed before the agreement of the parties shall become a binding contract (13 C. J. p. 564, § 532), or a condition which must be fulfilled before the duty to perform a provision of an existing contract arises. Elson v. Jones, 42 Idaho, 349, 245 P. 95, 96; Lynch v. Stebbins, 127 Me. 203, 142 A. 735; Fox v. Buckingham, 228 Ky. 176, 14 S.W. (2d) 421, 423; Wells v. Smith, 2 Edw. Ch. (N. Y.) 78, 13 C. J. p. 564, § 532; Cavanagh v. Iowa Beer Co., 136 Iowa, 236, 113 N. W. 856. In the latter class of cases, the condition is not a condition precedent to the existence of the contract but is a prerequisite to liability thereunder. Mr. Williston, in his work on Contracts, vol. 2, § 666, says:

"In the law of contracts, conditions may relate to the formation of contracts or to liability under them. * * * Generally in contracts when reference is made to conditions, what is meant is conditions qualifying liability under a contract or promise, not conditions qualifying the existence of a contract."

The conditions precedent here involved qualify the liability under, and not the existence of the contract. Therefore, the incontestable clause of the second policy became effective.

After the expiration of the period fixed in such incontestable clause, the insurance company would have been precluded from contesting the policy on any ground not specifically excepted in such clause. Mutual Res. Fund L. Ass'n v. Austin (C. C. A. 1) 142 F. 398, 6 L. R. A. (N. S.) 1064; 37 C. J. p. 542, § 281. Such clause covered non-performance of the conditions precedent in the quoted provision of the second application. Mutual Res. Fund L. Ass'n v. Austin, supra; Head v. New York L. I. Co. (C. C. A. 10) 43 F.(2d) 517, 519; Mohr v. Prudential I. Co., 32 R. I. 177, 78 A. 554, 556; Dibble v. Reliance L. I. Co., 170 Cal. 199, 149 P. 171, Ann. Cas. 1917E, 34. Had the insurance company failed to initiate a contest within the contestable period, it would have waived the non-performance of such conditions precedent.

While the failure of the insured to advise the insurance company of the events affecting the risk which transpired between the date of the application and the date of the delivery of the second policy was a misrepresentation of a material fact (Stipcich v. Metropolitan L. I. Co., 277 U. S. 311, 48 S. Ct. 512, 72 L. Ed. 895; New York L. I. Co. v. Gay (C. C. A. 6) 36 F.(2d) 634), such events also effected a non-performance of a condition precedent. Neither such condition nor the non-performance thereof was waived by the insurance company, and such non-performance precluded recovery on the policy unless such condition is within the purview of the Kansas statute quoted above. In the case of Mutual L. I. Co. of N. Y. v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A. L. R. 649, the court held a similar condition in a contract of insurance to be within section 4572, Ala. Code 1907, which reads as follows:

"No written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of life insurance, or in the application therefor or proof of loss thereunder, shall defeat or void the policy, or

prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."

The court held that in insurance law the word "warranty" and the term "condition precedent" are used interchangeably, and that the word "warranty" in such statute embraced a condition precedent. It will be noted that the Kansas statute contains neither the word "warranty" nor the term "condition precedent." The Missouri courts in a number of cases have held that similar provisions in contracts of insurance are within the purview of section 6142, Mo. Rev. St. 1919, which reads as follows:

"No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this state, shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and whether it so contributed in any case shall be a question for the jury."

See Salts v. Prudential I. Co., 140 Mo. App. 142, 120 S. W. 714; Lynch v. Prudential I. Co., 150 Mo. App. 461, 131 S. W. 145; Frazier v. Metropolitan L. I. Co., 161 Mo. App. 709, 141 S. W. 936; Dodt v. Prudential I. Co., 186 Mo. App. 168, 171 S. W. 655; Benson v. Metropolitan L. I. Co., 161 Mo. App. 480, 144 S. W. 122; State ex rel. John Hancock Mut. L. I. Co. v. Allen, 313 Mo. 384, 282 S. W. 46; Clark v. National L. & A. I. Co. (Mo. App.) 288 S. W. 944; Jenkins v. Covenant Mut. L. I. Co., 171 Mo. 375, 71 S. W. 688; Mathews v. Modern Woodmen of America, 236 Mo. 326, 139 S. W. 151, Ann. Cas. 1912D, 483; Bohannon v. Illinois B. L. Ass'n (Mo. App.) 20 S.W.(2d) 950. These cases are predicated on the theory that such statute abolished the distinction between conditions precedent and mere representations. We find nothing in the language of the statute to indicate such a legislative intent. There is a manifest distinction between a condition precedent and a representation of fact. The Missouri statute contains the word "misrepresentation" and omits the word "warranty" and the term "conditions precedent." Likewise the Kansas statute, by its express language, is limited to misrepresentations made in obtaining or securing a policy of insurance.

It is our conclusion that a condition precedent is not embraced within the word "misrepresentation" and is not within the purview of the Kansas statute. See Barker v. Metropolitan L. I. Co., 188 Mass. 542, 74 N. E. 945; Logan v. New York L. I. Co., supra; Southern Surety Co. v. Benton (Tex. Com. App.) 280 S. W. 551; note, 29 A. L. R. 656, 658, 659; Federal L. I. Co. v. Wright (Tex. Civ. App.) 230 S. W. 795, 800.

The decree is affirmed with costs.